IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:07-CV-42-FL

| | | |
|---|---|---|
| T.F.B., a minor, and<br>TANIA K. BALLERO, custodian, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | ORDER |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion for judgment on the pleadings (DE # 13) and defendant's motion for judgment on the pleadings (DE # 16). United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") on October 30, 2007, recommending that the court deny plaintiff's motion and grant defendant's motion. Plaintiff timely filed objections to the M&R, and defendant timely responded. In this posture, the matter is ripe for ruling. For the reasons that follow, the court accepts the M&R, grants defendant's motion, and denies plaintiff's motion.

BACKGROUND

Plaintiff, now a 13-year old boy, filed an application for Supplemental Security Income ("SSI") on October 8, 2004, alleging that he had been disabled since July 1, 2000. Plaintiff alleges that he suffers from attention deficit hyperactivity disorder, speech problems, and learning problems. Plaintiff's application was initially denied, and then denied again upon reconsideration. In a decision dated May 19, 2006, an administrative law judge ("ALJ") determined that plaintiff was not disabled

for SSI purposes during the relevant time period. The ALJ's decision was rendered final when the Social Security Administration's Office of Hearings and Appeals denied plaintiff's request for review.

After the parties filed cross-motions for judgment on the pleadings, on October 30, 2007, the magistrate judge in this case entered an M&R recommending to this court that defendant's motion be granted and plaintiff's motion be denied. In response to the M&R, plaintiff, on November 9, 2007, filed an objection, arguing that the ALJ did not "put materially conflicting evidence side by side and then resolve[] the conflict rationally." Plaintiff thus argues that the magistrate judge's failure to evaluate evidence that did not support the ALJ's determination – specifically, evidence in the domain of "acquiring and using information," "attending and completing tasks," and "interacting with others" – constitutes grounds for this court to reject the magistrate judge's recommendations as to the cross-appeals.

## STANDARD OF REVIEW

The court's "primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. In reviewing for substantial evidence, [the court] does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). Judicial review of administrative decision-making does not end there, because "[a] factual finding by the ALJ is not binding if it was reached by means of an improper

2

standard or misapplication of the law." Coffman, 829 F.2d at 517. Thus, it is the court's duty to determine both whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The court must not weigh the evidence, however, as it lacks the authority to substitute its judgment for that of the Commissioner. See Id. at 1456. Thus, in determining whether the Commissioner's decision was supported by substantial evidence, the court simply decides whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained the findings and rationale which drove the decision. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-40 (4th Cir. 1997).

The district court conducts a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections are filed. 28 U.S.C. § 636(b). Those portions of the memorandum and recommendation to which only general or conclusory objections are lodged may be affirmed by the district court unless clearly erroneous or contrary to law. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

ANALYSIS

1. The ALJ's Determination concerning Acquiring and Using Information was Supported

Plaintiff argues that the ALJ's determinations concerning the domain of acquiring and using information was insufficiently supported because the determination did not adequately "state, weigh, and resolve all of the materially conflicting evidence . . . ." (Obj. at 2.) Specifically, plaintiff asserts that the ALJ failed to explain his resolution of the conflicting evidence concerning the plaintiff's

3

teacher's assessment that plaintiff had "no problems" against "contradictory evidence from [plaintiff's] mother and the treating physician." (Obj. at 5.)

This objection having been substantially raised previously in plaintiff's motion for judgment on the pleadings, the magistrate judge critically analyzed the ALJ's determination of plaintiff's ability to acquire and use information. The magistrate judge found that the discrepancy between the school records, which indicated that plaintiff had repeated only the 2nd grade, and plaintiff's mother's recollection, which indicated that plaintiff repeated the 1st and 3rd grades, was "ultimately not dispositive because the ALJ cited an abundance of other evidence demonstrating that Plaintiff had a less than marked limitation in this domain." The M&R then proceeded to enumerate those other sources of evidence.

"In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Therefore, the above-mentioned evidence supports the conclusion that the plaintiff had a less marked limitation in the relevant domain than plaintiff would suggest. In addition to a litany of evidence provided by plaintiff's third grade teacher, set forth in the M&R at page 5, the ALJ also considered objective IQ testing, Vineland results, and a psychologist's interpretation of those results. The substantial evidence that supports the ALJ's determination renders plaintiff's argument that there exists an unresolved conflict in the evidence insufficient to warrant a remand. Therefore, a *de novo* review shows that substantial evidence supports the ALJ's determination.

2.  Attending and Completing Tasks

Plaintiff asserts that he faces the "Hobson's choice" of either taking medication such as

Adderall, Clonidine, and Imipramine, which allows plaintiff to "function well (enough)" but cause side severe effects or not taking the medicine at all, which results in poor school performance. Plaintiff argues that the existence of this Hobson's choice raises "a legal issue" and does not require the court to re-weigh the evidence. Plaintiff, however, does not explain what that legal issue is, and a fair reading of the plaintiff's contention suggests that the issue is only whether substantial evidence supports the ALJ's determination.

The record shows that substantial evidence supports the ALJ's determination in this area. The evidentiary record indicates that Adderall produced significant positive effects on the plaintiff. Substantial evidence supports the ALJ's conclusion because the evidence does not support the existence of a true "Hobson's choice." Plaintiff faced a choice that included the possibility of taking the Adderrall while retaining the ability to function socially. Substantial evidence existed to support the conclusion that plaintiff could be prescribed a different combination of drugs or a different drug in order to treat his symptoms without suffering from disabling hallucinations. In the last relevant medical report, from May 2006, a neurological evaluation states that, even while on Adderall, plaintiff was not experiencing the hallucinations that he previously experienced. Therefore, when plaintiff is taking Adderall, he is ability to attend to and concentrate on tasks is bolstered, and subsequent medical evaluations present substantial evidence that the use of Adderall alone avoids the previous difficulties.

3. Interacting with Others

Finally, plaintiff argues that the ALJ and magistrate judge incorrectly assessed evidence leading to the conclusion that the plaintiff was "a friendly, cooperative child." (Obj. at 6.) There is substantial evidence from individuals well-positioned to observe the plaintiff along the relevant

5

dimension – including teachers and health care professionals – to support the ALJ's determination that plaintiff had a less marked limitation in the domain of interacting and relating with others. These individuals provided detailed analyses of the plaintiff's skills bearing on interaction with others as well as examples of how the plaintiff did, in fact, interact with other children. Dr. Stayer, for example, characterized plaintiff as "a friendly, talkative child who maintained good eye contact with the examiner and smiled frequently." Negative evaluations were included in the overall assessment as well, including the assessment that plaintiff possessed a "very mild" speech impediment. The totality of the evidence supports the conclusion that the ALJ premised his decision on substantial evidence.

## CONCLUSION

Having undertaken a *de novo* review of the portions of the M&R to which plaintiff objects, as well as having considered defendant's response and the M&R generally, the recommendations embodied in the M&R are hereby ACCEPTED. Accordingly, plaintiff's motion for judgment on the pleadings (DE # 13) is DENIED and defendant's motion for judgment on the pleadings (DE # 16) is GRANTED. The clerk is DIRECTED to close the case.

SO ORDERED, this the 15th day of February, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge

6